**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

<u>United States of America</u>

    v.                              Criminal No. 10-cr-120-01-JL

<u>Raymond Alleyne</u>

### ORDER OF DETENTION PENDING TRIAL

In accordance with Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 <u>et</u> <u>seq.</u>, a hearing was conducted on October 6, 2010, for the purpose of determining whether to detain defendant, Raymond Alleyne, who has been indicted on a charge of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Under 18 U.S.C. § 3142(b), a court, in making a determination regarding detention, must evaluate the risk of the defendant's flight, the risk to the safety of any other person, and the risk to the safety of the community. In circumstances when detention is not mandated by the court, the court is nonetheless empowered to impose conditions on release. 18 U.S.C. § 3142(c).

Pursuant to the provisions of 18 U.S.C. § 3142(g), a court, in assessing the risks noted in 18 U.S.C. § 3142(b), shall consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and

characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government retains the burden of persuading the court that "'no condition or combination of conditions will reasonably assure the defendant's presence at trial." United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988) (quoting United States v. Palmer-Contreras, 835 F.2d 15, 17-18 (1st Cir. 1987)); United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991). For its part, the government is required to offer clear and convincing evidence of dangerousness; and a preponderance of the evidence to prove risk of flight. See Patriarca, 948 F.2d at 792-93. Facts necessary to find that no combination will reasonably assure the safety of any person and the community require satisfaction of the "clear and convincing" standard. 18 U.S.C. § 3142(f)(2).

Here, the government and the defendant agreed to conduct the hearing by offers of proof. The government did not argue that defendant was a flight risk. Rather, the government argued that defendant's release would pose a danger to the community. For the reasons stated more fully on the record in this case, I find that

the government satisfied its burden of persuading the court by clear and convincing evidence that there are no conditions or combination of conditions that will reasonably assure the safety of the community.

In so finding, the court stated on the record the factors upon which it relied. I summarize those factors below:

- The weight of the evidence is strong.
- The nature of the charge involves an inherently dangerous activity. Defendant, a convicted felon, allegedly possessed a firearm. The government's proffer included evidence that defendant was involved in selling guns and stated, on one occasion, that he wanted to "rob" gun suppliers in order to obtain more guns.
- Defendant has a substantial criminal record, which includes two prior drug convictions, and one burglary conviction.
- Defendant is a drug user. Defendant admitted "daily" consumption of marijuana. On the date of his initial appearance, defendant tested positive for marijuana and cocaine.

- Although defendant has a current job, he has only had the job for a few months. Defendant admitted to pretrial services that he does not keep his jobs for "any significant amount of time."
- The government's proffer included evidence that defendant supplements his income through gun sales.

Upon full consideration of the arguments offered by the government and defense, and for the reasons stated on the record, I am satisfied that the government has met its burden of persuading the court that defendant's release, even on strict conditions, would pose a serious danger to the community. For the reasons listed <u>supra</u> and stated on the record, I find that there are no conditions or combination of conditions that will assure the safety of the community. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable

opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

    **SO ORDERED.**

                                                _____
                                                Landya B. McCafferty
                                                United States Magistrate Judge

Date: October 7, 2010

cc:  Richard H. Hubbard, Esq.
     U.S. Attorney
     U.S. Probation
     U.S. Marshal